IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
DIVISION

| | |
|---|---|
| JESSICA HICKLIN ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-00343-RK |
| ) | |
| PAUL BLAIR ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner Jessica Hicklin[1] is a convicted prisoner currently confined at the Potosi Correctional Center and has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner seeks to challenge her 1997 convictions and sentences for first-degree murder and armed criminal action which were entered in the Johnson County Circuit Court. Petitioner was less than eighteen years old at the time she committed the crimes and was sentenced to life imprisonment without the possibility of parole and 100 years' imprisonment, to be served concurrently. For the reasons set forth below, this petition is **DENIED**, a certificate of appealability is **DENIED**, and the case is **DISMISSED**.

**I.     Statement of Facts**

In 1995, Petitioner shot and killed Sean Smith. Petitioner was 16 years old at the time of this offense. Following a jury trial, Petitioner was convicted of first-degree murder and armed criminal action in 1997. Petitioner was then sentenced to concurrent terms of life imprisonment without the possibility of probation or parole and 100 years' imprisonment, respectively. Petitioner appealed her conviction, which was affirmed. *State v. Hicklin*, 969 S.W.2d 303, 305 (Mo. Ct. App. 1998). Petitioner then timely sought post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (*See* Doc. 1 at 2-3.) After an evidentiary hearing, the motion court denied all of Petitioner's claims. (*Id.*) Petitioner filed her first petition for a writ of habeas corpus in federal court in 2003, which was dismissed with prejudice as time-barred in 2004. *Hicklin v.*

---

    1 Ms. Hicklin was convicted under the name James Hicklin but legally changed her name in 2015 to Jessica Hicklin.

*Roper*, No. 4:03-cv-01154-HFS (W.D. Mo. Apr. 5, 2004) (Doc. 8).

In 2014, Petitioner filed a petition for writ of habeas corpus with the Supreme Court of Missouri. (Case No. SC94211; *see* Doc. 1 at 4.) Petitioner requested that her sentence be brought in conformity with *Miller v. Alabama*, 567 U.S. 460 (June 25, 2012). In *Miller*, the United States Supreme Court held that the Eighth Amendment's prohibition on cruel and unusual punishment precludes life imprisonment without the possibility of parole for individuals under the age of 18 at the time of their offense. *Miller*, 567 U.S. at 489. *Miller* found that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences." *Id.* at 477. Consequently, "[b]y making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a risk of disproportionate punishment." *Id.* at 479.

While Petitioner's state habeas action was pending, the United States Supreme Court decided *Montgomery v. Louisiana*, 577 U.S. 190 (Jan. 25, 2016). *Montgomery* held that "*Miller* announced a substantive rule that is retroactive in cases on collateral review." *Montgomery*, 577 U.S. at 206. *Montgomery* further held that:

> Giving *Miller* retroactive effect . . . does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. *See, e.g.*, Wyo. Stat. Ann. § 6–10–301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.

*Id.* at 212.

On March 15, 2016, the Missouri Supreme Court sustained Petitioner's 2014 state habeas petition in part, "in order to comply with the requirements of *Miller* and *Montgomery*," and ordered that Petitioner "shall be eligible to apply for parole unless his sentence is otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of necessary legislation." (Doc. 15-12 at 2.)

On April 1, 2016, Petitioner filed a motion for rehearing. In May of 2016, while that motion was still pending in the Missouri Supreme Court, Petitioner filed a petition for declaratory judgment in the Circuit Court of Cole County, in which she challenged the relief ordered by the

2

Missouri Supreme Court and sought a declaration that section 565.020, RSMo 1994, was unconstitutional as applied to her. (Doc. 15-5 at 6.) While the motion for rehearing was pending, and before the declaratory judgment claims could be finally determined, a new Missouri law went into effect on July 13, 2016. The new law, codified at Missouri Revised Statute § 558.047, provides that:

> Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole.

Mo. Rev. Stat. § 558.047.1(1). As part of the "parole review hearing" provided under section 558.047, the statute requires the board to consider the ten factors set forth in section 565.033.2 (sentencing factors as to new juvenile offenders), as well as five additional independent factors. § 558.047.5, RSMo.

On July 19, 2016, the Missouri Supreme Court vacated its March 15, 2016 Order that sustained in part Petitioner's 2014 state habeas petition. The July 19, 2016 Order states, in its entirety: "On the Court's own motion, the Court's March 15, 2016, order is vacated. The motion for rehearing is overruled as moot. The petition is denied. See Senate Bill No. 590, 98th General Assembly. All other pending motions are overruled as moot." (Doc. 15-13.)

On November 24, 2020, the Missouri Supreme Court entered its order affirming the circuit court's judgment granting the State's motion for judgment on the pleadings,[2] denying Petitioner's petition for declaratory relief. The Missouri Supreme Court concluded:

> Through enactment of section 558.047 and the other provisions discussed, Missouri's General Assembly has provided Ms. Hicklin with the benefit of parole eligibility on her first-degree murder sentence after she serves 25 years of that sentence. The Supreme Court in *Montgomery* expressly approved this course of action when it said states were not required to resentence *Miller*-impacted juvenile offenders and, instead, invited states to correct *Miller* errors by supplying parole eligibility. This does not violate the separation of powers. As neither the sufficiency of the parole procedures used to implement *Miller* and *Montgomery* nor

---

[2] The circuit court agreed with the State's argument that Petitioner simply was challenging her sentence, which she could not do in a declaratory judgment action. The court agreed that a state habeas corpus action, rather than a declaratory judgment action, was the proper mechanism to assert what it agreed was a challenge to her sentence. It alternatively concluded that Petitioner's claims were without legal merit even if it were to consider the petition as one brought in habeas corpus. (Doc. 15-5 at 9.)

3

> Ms. Hicklin's requests to vacate her sentence are properly before this Court in this declaratory judgment action, the circuit court's judgment [denying Ms. Hicklin's petition for declaratory relief] is affirmed.

(Doc. 15-5 at 20.)

On April 15, 2021, Petitioner filed the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody ("Petition"). (Doc. 1.)

## II. Standard

State prisoners who believe that they are incarcerated in violation of the Constitution or laws of the United States may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (citation and quotation marks omitted). This Court's review of the petition for habeas corpus is limited by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *Harrington*, 562 U.S. at 97. AEDPA "bars relitigation [in federal court] of any claim adjudicated on the merits in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." *Id.* at 98.

Accordingly, a state habeas petitioner is not entitled to relief unless the state court proceedings:

> (1) resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).

As to § 2254(d)(1), a state court violates the "contrary to" clause if it "applies a rule that contradicts the governing law set forth" by the Supreme Court or if the state court "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a [different] result." *Williams v. Taylor*, 529 U.S. 362, 406 (2000). A state court violates the "unreasonable application" clause of § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "It is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Flowers v. Norris*, 585 F.3d 413, 417 (8th Cir. 2009)

4

(citation omitted).

As to § 2254(d)(2), "a petitioner must show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Perry v. Kemna*, 356 F.3d 880, 889 (8th Cir. 2004) (quotation marks omitted). A state court's factual determinations are presumed correct and will stand unless the petitioner rebuts this presumption with clear and convincing contrary evidence. 28 U.S.C. § 2254(e)(1); *Grass v. Reitz*, 749 F.3d 738, 743 (8th Cir. 2014). Additionally, federal courts afford great deference to a state court's credibility findings. *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (en banc).

### III. Analysis

Petitioner raises three grounds for relief. First, Petitioner claims her sentence of life without the eligibility for parole under § 565.020.2, RSMo 1994, is void and violates the Eighth Amendment, in that Petitioner was sixteen years old when the crime was committed and there was no individualized consideration of Petitioner or her circumstances (the *Miller* factors) at the time of the sentencing. Second, Petitioner argues her sentence of life without the eligibility for probation or parole under § 565.020.2, RSMo 1994, is unconstitutional and void despite the 2016 passage of Senate Bill 590 (which, among other things, repealed and replaced § 565.020, RSMo 1994, with a new version of that statute and added § 558.047) because the legislature cannot enact new substantive penal laws to change void sentences retroactively. Finally, Petitioner contends under the process set forth in section 558.047, RSMo 2016, she has been deprived of the federal constitutional right to jury sentencing considering the *Miller* factors. In response, the Respondent contends: (1) Petitioner's Petition is a "second or successive" habeas petition in violation of 28 U.S.C. § 2244(b)(3), and (2) even if not barred as a "second or successive" habeas petition, Petitioner's Petition is time-barred under 2244(d).

### A. Petitioner's Petition Is Not a "Second or Successive" Petition for Writ of Habeas Corpus Under 28 U.S.C. §2244(b)

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(b) mandates dismissal of claims "presented in a second or successive habeas corpus application under section 2254" that were presented in a prior application. § 2244(b)(1). The statute also requires the dismissal of claims presented in a second or successive habeas petition that were not presented in a prior application unless, in relevant part, "the applicant shows that the

5

claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]" § 2244(b)(2)(A).

"'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) (quoting *Crouch v. Norris,* 251 F.3d 720, 723-25 (8th Cir. 2001)). "Where a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining [] authorization [from the United States Court of Appeals for the Eighth Circuit]." *Id.* (citing *Singleton v. Norris,* 319 F.3d 1018, 1023 (8th Cir. 2003)). Petitioner contends the present Petition is not successive because Petitioner's prior federal habeas petition pre-dated *Miller*, and thus Petitioner did not and could not raise the present claim for relief in her prior petition.

The Court agrees. In her Petition for a writ of habeas corpus, Petitioner relies on *Miller v. Alabama*, which held that the Eighth Amendment protects juvenile offenders from being sentenced to life imprisonment without parole. (Doc. 1 at 8-16); *Miller*, 567 U.S. at 470. Petitioner filed her first petition for a writ of habeas corpus in federal court in 2003, which was dismissed with prejudice as time-barred in 2004. *Hicklin v. Roper*, No. 4:03-cv-01154-HFS (W.D. Mo. Apr. 5, 2004) (Doc. 8). *Miller* was decided in 2012 but was made retroactive as a new rule of constitutional law in 2016 by *Montgomery*. Therefore, Petitioner "could not have raised a claim" that her sentence violated the Eighth Amendment under *Miller* at the time she filed her original petition. As such, her Petition is not a second or successive habeas petition that must be dismissed under § 2244(b). *See Lotts v. Payne*, No. 4:18-CV-1087 RWS, 2021 WL 3206698, at *3 (E.D. Mo. July 29, 2021), *certificate of appealability denied sub nom. Lotts v. Vandergriff*, No. 21-2892, 2021 WL 7085175 (8th Cir. Oct. 26, 2021).

### B. Petitioner's Petition Is Time-Barred

Nonetheless, however, Respondent argues Petitioner's habeas petition is time-barred. In response, Petitioner asserts the statute of limitations was tolled while her petition for declaratory judgment, that included a request for writ of habeas corpus in the alternative, was pending before the state courts. (Doc. 18 at 4.) Respondent argues Petitioner's petition for declaratory judgment was not an attack on her sentence or a form of collateral review that could toll the statute of limitations under § 2244(d)(2).

6

Section 2244(d) provides the statute of limitation for federal habeas corpus claims, stating in relevant part, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" § 2244(d)(1)(C). Section 2244(d)(2) provides for tolling of the limitations period, however. Specifically, § 2244(d)(2) provides: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." An application is filed "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record," and it is *properly* filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). "Collateral review" is "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi,* 562 U.S. 545, 553 (2011). The one-year period of limitation may also be extended under the doctrine of equitable tolling. *Wolford v. Godert*, No. 4:18-CV-00699-HFS-P, 2019 WL 9784646, at *3 (W.D. Mo. Jan. 16, 2019) (citing *Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Holland v. Florida*, 560 U.S. 631, 645 (2010)).

Here, Respondent argues the statute of limitations period began to run July 13, 2016, when § 558.047 RSMo was signed into law, since the factual and legal bases of Petitioner's claims challenging that statute existed at that time pursuant to § 2244(d)(1)(C) and (D). At the same time, the statute of limitations was tolled while her petition for a writ of habeas corpus was pending in the Missouri Supreme Court, challenging her conviction and sentence. On July 19, 2016, that petition was denied. As of that time, then, the statute of limitations was no longer tolled unless (1) the statute of limitations period was tolled from May 2, 2016, until January 26, 2021, due to the pendency of Petitioner's declaratory judgment action in state court, or (2) Petitioner is entitled to equitable tolling of the statute of limitations period.

The first question, then, is whether Petitioner's petition for declaratory judgment in state court, which included an alternative request for resentencing or habeas relief, constitutes a "properly filed application for State post-conviction or other collateral review with respect to the

7

pertinent judgment or claim[.]" If not, the Court must decide whether Petitioner is entitled to equitable tolling to extend the one-year period of limitation.

"Attempts to seek relief through avenues that are not available do not meet [the] requirement [to toll the statute of limitations for federal habeas corpus]." *Williams v. Brigano*, 238 F.3d 426 (6th Cir. 2000) (finding petitioner's state proceedings did not constitute an application for state post-conviction relief since they were not recognized as such under governing state procedures) (citing *Adeline v. Stinson,* 206 F.3d 249, 252 (2d Cir. 2000)).

Here, the Court holds that Petitioner's petition for declaratory relief is not an application for state post-conviction relief since it was not recognized as such under governing state procedures. As noted in the Missouri Supreme Court's order affirming the circuit court's judgment denying Petitioner's declaratory judgment action:

> To the extent Ms. Hicklin asks this Court to vacate her sentence, however, this Court agrees with the State that habeas corpus – not a declaratory judgment – is the appropriate action. Ms. Hicklin says she cannot seek habeas relief because she is seeking resentencing, not release. But she is seeking to vacate her sentence; therefore, habeas relief would be available to her to the extent she asserts grounds that can be raised in a petition for habeas corpus. *See, e.g., State ex rel. Clemons v. Larkins,* 475 S.W.3d 60, 63 (Mo. banc 2015) (vacating a sentence in a habeas action and remanding for a new trial or resentencing); *State ex rel. Taylor v. Moore,* 136 S.W.3d 799, 800 (Mo. banc 2004) (vacating an unlawful sentence in a habeas action and remanding the prisoner to the custody of the department of corrections); *State ex rel. Taylor v. Steele,* 341 S.W.3d 634, 636 (Mo. banc 2011) (entertaining a claim but ultimately refusing to vacate a death sentence in a habeas action); *cf. McIntosh v. Haynes,* 545 S.W.2d 647, 652-53 (Mo. banc 1977) (finding a habeas action was proper when the petitioner did not seek immediate release but challenged only the conditions of confinement).

*Hicklin v. Schmitt*, 613 S.W.3d 780, 787 (Mo. banc 2020), *reh'g denied* (Jan. 26, 2021). The court accordingly addressed the merits only of Petitioner's constitutional challenges to section 565.020, RSMo 1994, and SB 590 (as now codified in sections 565.020 and 558.047 and related statutes), and not her request to vacate her sentence.

Under Missouri law, Petitioner could not seek collateral review of her conviction and sentence by an action for declaratory relief,[3] even by including an alternative request for habeas

---

[3] The Eighth Circuit "has held that other forms of collateral review under Missouri's appellate procedure qualify for statutory tolling under § 2244(d)(2)." *Polson v. Bowersox*, 595 F.3d 873, 875 (8th Cir. 2010) (citing *Streu v. Dormire,* 557 F.3d 960, 965 (8th Cir. 2009) (prisoner's motion to reopen post-conviction relief proceedings); *Bishop v. Dormire*, 526 F.3d 382, 384 (8th Cir. 2008) (prisoner's motion to recall a mandate from the Missouri Court of Appeals on the prisoner's post-conviction relief petition); *Marx*

8

relief. Accordingly, Petitioner's declaratory judgment action did not toll the statute of limitations under § 2244(d)(2) as to the instant action for federal habeas corpus relief.[4,5]

---

*v. Gammon*, 234 F.3d 356, 357 (8th Cir. 2000) (prisoner's third motion to recall a mandate) (concluding proceedings under Missouri Supreme Court Rule 91 (state habeas corpus proceedings) also tolled the statute of limitations for federal habeas corpus relief).

[4] Respondent cites *McDermott v. Carnahan*, 934 S.W.2d 285, 287 (Mo. 1996) and *Charron v. State*, 257 S.W.3d 147, 153 (Mo. Ct. App. 2008), for the principle that Missouri's courts have long recognized that declaratory judgment will not lie to challenge the validity of an inmate's convictions or sentences. Respondent further emphasizes that "Missouri prisoners 'may not circumvent the applicable post-conviction rules by presenting a collateral attack upon [their] conviction and sentence in an action for declaratory judgment.'" (Doc. 15 at 8) (citing *Charron*, 257 S.W.3d at 152-53 (quoting *Cooper v. State*, 818 S.W.2d 653, 654 (Mo. Ct. App. 1991)). Petitioner supports her contention that she was in fact seeking collateral review during the duration of those earlier proceedings since she sought habeas relief throughout. In support, Petitioner cites *Wayne v. Missouri Board of Probation & Parole*, 83 F.3d 994, 998 (8th Cir. 1996), for its statement that "[a]ll that is required to satisfy the exhaustion doctrine is that the federal claims be fairly presented to the state courts in one full round of litigation." Petitioner specifically points out that in her petition for declaratory judgment before the Missouri Supreme Court, she alternatively requested that the state court issue a writ of habeas corpus should declaratory judgment be unavailable.

Review of both parties' arguments and authority, as well as the Court's independent research, however, does not reveal a clear answer to the particular question now facing the Court: whether a petition for declaratory judgment that includes an alternative request for resentencing constitutes a properly filed application for "other collateral review" with respect to § 2244(d)(2).

In *McDermott*, the Missouri Supreme Court held that "[a] declaratory judgment action to determine when he is eligible for parole under the statutes and applicable regulations is not an attack on the validity of [the appellant's] sentence or conviction." 934 S.W.2d at 287. The holding was made in the context on an appeal from the trial court's ruling that appellant should have raised his claim requesting the trial court to declare he had the right to an immediate parole hearing pursuant to state law in a post-conviction proceeding under Missouri Supreme Court Rule 24.035. *Id.* While the state supreme court disagreed with the trial court in *McDermott*, the *McDermott* holding does not address whether a declaratory judgment action tolls the statute of limitations under 28 U.S.C. § 2244. Similarly, in *Charron v. State*, the Missouri Supreme Court held the trial court did not err in determining it had no subject matter jurisdiction in a declaratory judgment action where the appellant was attempting to collaterally attack his sentence and thus improperly attempting to circumvent the post-conviction rules to challenge his sentence. The state supreme court agreed the trial court has no authority to hear declaratory judgment actions attacking sentences. 257 S.W.3d at 152, 154. Like *McDermott*, *Charron* does not address whether a declaratory judgment action tolls the statute of limitations under federal habeas corpus law. Similarly, in *Wayne*, the Eighth Circuit addressed the requirements necessary to satisfy the habeas-corpus exhaustion doctrine rather than tolling of the statute of limitations for habeas actions under § 2244. 83 F.3d at 998.

[5] To the extent the issue of whether an action for declaratory judgment can constitute "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim[,]" appears to have arisen in the Eighth Circuit, it has only been addressed indirectly. In two cases before the Eastern District of Missouri where this issue was raised, the Court did not decide the issue because even if the statutory time period was tolled as a result of the declaratory judgment action, the habeas petition was still time-barred. *See Priester v. Gammon*, No. 404CV1748 RWS, 2007 WL 1892259, at *5 (E.D. Mo. June 29, 2007) (finding the petitioner commenced his federal habeas action out of time because "even if the federal limitations period is tolled for the declaratory judgment action, including time to seek certiorari," he did not file until beyond one year past the end of that time period); *Epperson v. Gammon*, No. 4:05-CV-786 CAS, 2008 WL 4203722, at *2 (E.D. Mo. Sept. 5, 2008) ("Even were the completion of

Having concluded Petitioner's declaratory judgment action in state court does not constitute a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," even though it included an alternative request for resentencing or state habeas relief, and accordingly did not toll the statute of limitations, the Court must now decide whether the limitations period is otherwise extended under the doctrine of equitable tolling.

"Equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) (internal quotation omitted). To trigger application of the doctrine of equitable tolling, a habeas petitioner must show: "(1) 'that he has been pursuing his rights diligently' and (2) 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Wolford v. Godert*, No. 4:18-CV-00699-HFS-P, 2019 WL 9784646, at *3 (W.D. Mo. Jan. 16, 2019) (quoting *Burks v. Kelley*, 881 F.3d 663, 666-67 (8th Cir. 2018)). "It is the habeas petitioner's burden to show both prongs to be entitled to equitable tolling of the statute of limitations." *Id.* (citing *Gordon*, 823 F.3d at 1195). "[W]hen the respondent's conduct has lulled the petitioner into inaction" equitable tolling is also proper. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* (internal quotation omitted).

As a general matter, the circumstances required for equitable tolling to apply must be external to the petitioner. *See also id.* (recognizing the Eighth Circuit has previously held" that even a claim of actual innocence was not sufficient to toll the statute of limitations") (citing *Flanders v. Graves,* 299 F.3d 974, 976-77 (8th Cir. 2002)). Additionally, in *Cross-Bey v. Gammon*, the Eighth Circuit found equitable tolling was not appropriate where the petitioner mistakenly had been pursuing the wrong legal remedy while the statute-of-limitations period ran. 322 F.3d at 1015-16. Similarly, here, Petitioner (apparently wrongly) pursued a declaratory judgment action in which the Missouri Supreme Court declined to address on the merits her alternative request for habeas relief, finding the declaratory judgment action was not the

---

state court proceedings construed as being the appellate court's February 2002 affirmance of the denial of his petition for declaratory judgment, the one-year statute of limitations in § 2244(d)(1) would have ended well before [the petitioner's] § 2254 petition was filed in May 2005.")

appropriate proceeding to seek habeas relief. Under these circumstances, equitable tolling is not warranted. *See Epperson v. Gammon*, No. 4:05-CV-786 CAS, 2008 WL 4203722, at *2 (E.D. Mo. Sept. 5, 2008) (holding equitable tolling not warranted where petitioner was not lulled into inaction, but rather he pursued a declaratory judgment in state courts seeking release on parole on the same legal theories presented in his subsequent federal habeas case).

## IV. Conclusion and Certificate of Appealability

For the reasons set forth above, Petitioner's petition for relief under 28 U.S.C. § 2254 is **DENIED**. Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, Petitioner must show that "reasonable jurists" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability is **DENIED**.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED**;

(2) the issuance of a certificate of appealability is **DENIED**; and

(3) this case is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 11, 2022